**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| ROBERTO MIRANDA, JR.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-998-TLS-JEM |

**OPINION AND ORDER**

Roberto Miranda, Jr., a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for criminal confinement and strangulation under Case No. 45G03-2507-F4-121.[1] Following a bench trial, on December 19, 2025, the Lake Superior Court sentenced him to ten years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Miranda argues that he is entitled to habeas relief because he was unlawfully arrested, and he also asserts a freestanding claim of actual innocence. Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies

[1] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

Indiana courts have explained a convicted individual's State court remedies as follows:

> Postconviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the postconviction rules. If an issue was known and available, but not raised on direct appeal, it is waived. If it was raised on appeal, but decided adversely, it is res judicata. If not raised on direct appeal, a claim of ineffective assistance of trial counsel is properly presented in a postconviction proceeding. A claim of ineffective assistance of appellate counsel is also an appropriate issue for postconviction review. As a general rule, however, most free-standing claims of error are not available in a postconviction proceeding because of the doctrines of waiver and res judicata.

*Timberlake v. State*, 753 N.E.2d 591, 597–98 (Ind. 2001) (cleaned up).

Miranda concedes that he did not present his claims on direct appeal but explains that his appellate counsel refused his instructions to do so. A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). "Meritorious claims of ineffective assistance can excuse a procedural default." *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014). "But those claims must themselves be preserved; in order to use the independent constitutional claims of ineffective assistance of trial and appellate counsel as cause to excuse a procedural default, a petitioner is required to raise the claims through one full round of state court review, or face procedural default of those claims as well." *Id.*

According to the State court electronic docket, the Indiana Court of Appeals has affirmed Miranda's conviction on direct appeal, though his time to file a petition to transfer to the Indiana Supreme Court has not yet expired. Miranda alleges that he asked his appellate counsel to raise his unlawful arrest claim, so he knew about this claim and should have raised it on direct appeal. He can no longer properly raise this claim on direct appeal given that he did not present it to the Indiana Court of Appeals and given that that court has already rendered a decision. Consequently, Miranda has exhausted State court remedies with respect to this claim.[2]

Indiana's analogue to freestanding claims of actual innocence appears to be claims of new evidence warranting a new trial. *Compare Schlup v. Delo*, 513 U.S. 298, 327, (1995) (recognizing actual innocence as an excuse to procedural default); *Herrera v. Collins*, 506 U.S. 390, 417 (1993) (declining to resolve whether a freestanding claim of actual innocence is valid habeas claim but noting that the threshold showing would be "extraordinarily high") with *Carter v. State*, 738 N.E.2d 665, 671 (Ind. 2000) (listing the elements of a new evidence claim). Notwithstanding that Miranda also knew about his actual innocence claim on direct appeal, Indiana courts appear to entertain new evidence claims on post-conviction review. *See, e.g., Carter*, 738 N.E. 2d at 671; *Taylor v. State*, 840 N.E.2d 324 (Ind. 2006); *Johnson v. State*, 36 N.E.3d 1130 (Ind. Ct. App. 2015); *Norris v. State*, 881 N.E.2d 691 (Ind. Ct. App. 2008).

---

[2] The court makes no finding with respect to whether the exhausted claim is also procedurally defaulted. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("[I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding."). Nor does the court make any finding as to whether Miranda has asserted a valid basis to excuse procedural default or to the merits of the claim.

Consequently, the court finds that Miranda's freestanding claim of actual innocence is unexhausted. Therefore, the petition contains both exhausted and unexhausted claims.

Federal courts are not permitted to adjudicate a mixed petition containing both exhausted and unexhausted claims because the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Indeed, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id*. at 274. Because the court cannot rule on the habeas petition as it stands, Miranda must inform the court as to how he wants to proceed.

Miranda could file an amended petition omitting the unexhausted claims, which would allow the court to consider whether the remaining claims entitle him to habeas relief. However, this option risks forfeiting the chance to ever raise any other claims in a federal habeas petition. If he continues with this case, he will not be able to file another habeas corpus petition challenging this conviction unless he receives authorization from the United States Court of Appeals for the Seventh Circuit, which may be granted only under narrow circumstances. *See* 28 U.S.C. § 2244(b). Alternatively, Miranda could file a voluntary motion to dismiss this case without prejudice, pursue post-conviction relief in State court, and seek federal review on all of his habeas claims at the conclusion of State post-conviction proceedings.

The court will also consider whether a stay might be appropriate for this case. Though a stay is not appropriate in all cases, it may be appropriate if the petitioner has insufficient time to file a timely federal habeas petition following the conclusion of State post-conviction proceedings. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Based on the allegations in the habeas petition, the one-year limitations period for federal habeas review has not yet began

to run because his conviction is not yet final, and Section 2244(d)(2) will toll the limitations period during State post-conviction proceedings. As a result, dismissing this case will not effectively end Miranda's chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claims in State court. Therefore, a stay is not appropriate for this case. As a result, Miranda's options are limited to amending the petition or dismissing this case.

As a final matter, the court observes that Miranda has not resolved his filing fee status. The electronic docket includes a blank form for a motion to proceed in forma pauperis, but Miranda has advised that he did not intend to file it and that he authorized the deduction of the filing fee from his prison account on the second page of the petition. ECF 2, ECF 4. Miranda is advised that that portion of the court's form petition is merely to advise the court as to how the petitioner intends to resolve his or her filing fee status; it does not itself serve as authorization for prison officials to deduct the filing free from his account. If Miranda intends to pay the filing fee from his prison account, he must arrange for the filing fee to be sent to the court. Consequently, the court will direct the clerk to terminate the inadvertently filed motion for leave to proceed in forma pauperis and set a deadline for Miranda to resolve his filing fee status by either paying the filing fee in full or by filing a motion for leave to proceed in forma pauperis with the last six months of his prison account summary attached.

For these reasons, the court:

(1) DIRECTS the clerk to terminate the motion for leave to proceed in forma pauperis (ECF 2);

(2) ORDERS Roberto Miranda, Jr., to file an amended petition or a motion to dismiss consistent with this Order by October 8, 2026;

(3) ORDERS Roberto Miranda, Jr., to resolve his filing fee status by October 8, 2026; and

(4) CAUTIONS Roberto Miranda, Jr., that, if he does not respond by this deadline, this case will be dismissed without further notice.

SO ORDERED on September 14, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT